**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| YOUNES KABBAJ, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil Action No. 12-1322-RGA/MPT |
| | : |
| MARK SUTHERLAND SIMPSON, a/k/a | : |
| MARK SHERMAN SIMPSON, | : |
| | : |
| Defendant. | : |

## MEMORANDUM ORDER

### I.   Procedural Background

Plaintiff, acting pro se, initially filed suit in the United States District Court for the

Southern District of New York on October 2, 2012 against defendant asserting claims

for declaratory and injunctive relief and damages for tortious interference of contract,

breach of contract and defamation.  Plaintiff previously sued defendant, among others,

in this court in *Kabbaj v. American School of Tangiers*, C.A. No. 10-431-RGA/MPT.

According to the records in that matter, it does not appear service of process was ever

effectuated on defendant.  That matter settled; however, pursuant to the order of April

24, 2012, plaintiff was required to obtain permission of this court before initiating any

new civil action against any litigant released under the settlement agreement.[1]

Because of the April 2012 order, the New York court transferred the present matter to

this court on October 12, 2012.  Subsequently, on November 2, 2012, this court granted

---

[1] *See* D.I. 52, 54 (10-431).  Plaintiff bases his claims primarily on the terms and
conditions of the settlement agreement which he asserts defendant has violated.

plaintiff permission to file the present action against defendant.[2]  According to that order, plaintiff was required to ascertain the proper court in which to file his action where personal jurisdiction and effective service of process could be obtained.  In addition, if plaintiff determined the District of Delaware was the proper forum, he was required to effectuate service of process on defendant on or before November 27, 2012.  Plaintiff purportedly served defendant on November 24, 2012.[3]

Thereafter, on December 7, 2012, defendant filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim.[4]  In response, plaintiff filed a first amended complaint under FED. R. CIV. P. 15(a)(1)(B) on December 24, 2012.[5]  Because plaintiff's amended complaint made substantial changes to his original complaint, the court mooted defendant's previously filed motions.[6]

Despite having no scheduling order entered in this matter authorizing discovery and a discovery plan, plaintiff apparently attempted to subpoena a number of ISP providers as evidenced in his motion to compel disclosures filed on December 27, 2012.[7]  That motion indicates plaintiff obtained subpoenas from this court to purportedly require Google, Amazon, GoDaddy, Domains by Proxy and Privacy Protections Service to disclose information relating to various blogs and to preserve certain evidence.  None of these entities are parties to this litigation.  Defendant opposed plaintiff's motion to

---

[2] D.I. 4.

[3] *See* D.I. 5, 6.  Two different summons returns were filed with the court–one indicating service occurred on November 19, with the other advising service was made on November 24, 2012.

[4] D.I. 9, 10.

[5] D.I. 12.

[6] D.I. 18.

[7] D.I. 14.

compel on December 31, 2012.[8] On the same day, defendant renewed his motion to dismiss for lack of personal jurisdiction, as well as raising a motion to strike pleadings and a motion for failing to state a claim under Rule 12(b)(6).[9] Subsequently, plaintiff filed affidavits of purported service of subpoenas on Google and Amazon.com on January 10, 2013.[10] On the same day, plaintiff filed his reply brief on his motion to compel disclosures.

Plaintiff responded to defendant's motions, along with a motion to file excess pages on January 17, 2013.[11] Defendant filed a reply brief on his motions on January 22, 2013,[12] to which plaintiff filed on January 28, 2012, another purported "reply" brief consisting of 63 pages, more than double his answering brief, which included an affidavit from Kun Yoon, along with a motion to extend the page limits.[13] Under the local rules of this court, plaintiff's second "reply" brief is, in actuality, a sur-reply brief.[14]

In addition, plaintiff also filed a motion to amend his first amended complaint to allegedly add "John Doe" defendants, conditional on whether the court granted defendant's motions to dismiss.[15] No proposed amended complaint, as required by D.

---

[8] D.I. 17.

[9] D.I. 15, 16.

[10] D.I. 19, 20.

[11] D.I. 22, 23. In D.I. 22, plaintiff incorrectly captions his answering brief as a "reply" brief. The court views that document to be an answering brief which is limited to 20 pages, unless otherwise authorized by the court under D. DEL. LR 7.1.3. Plaintiff's request for the additional pages was granted on January 18, 2013. D.I. 24.

[12] D.I. 25.

[13] D.I. 26, 27. Plaintiff incorrectly asserts that under our local rules, the page limit for his "reply" is 20 pages. Rather a true reply brief is limited to 10 pages. See D. DEL. LR 7.1.3. There is no automatic authorization or right for sur-reply briefs.

[14] See D. DEL. LR 7.1.3.

[15] D.I. 28.

DEL. LR 15.1, was attached.[16]  Defendant moved to strike the motion to amend and

opposed the motion to extend page limits on January 28, 2013.[17]  On the same day,

plaintiff filed a motion for leave to file a sur-reply brief, a motion to amend pleading, and

a reply to his motion for leave to file a sur-reply brief.[18]  Defendant filed his response to

plaintiff's motion for leave to file a sur-reply brief, also on January 28, 2013.[19]

On the following day, January 29, plaintiff filed his initial disclosures, and

interrogatories and requests for production, again without a scheduling order in place.[20]

Since the discovery requests were filed in duplicate, the court removed the second set

from the record to avoid confusion.  Further, to prevent any further potential confusion

on the docket, the court ordered no further motions were allowed until the various

outstanding motions were addressed.[21]

This memorandum order addresses the following motions:  plaintiff's motion to

compel disclosures,[22] his motions for sur-reply brief and page extension,[23] and his

---

[16] Under 15.1, "[a] party who moves to amend a pleading shall attach to the motion . . . (b) A form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added."

[17] D.I. 29.

[18] See D.I. 30,32 and 33.

[19] D.I. 31.

[20] D.I. 35, 36.

[21] D.I. 39 oral order of January 31, 2013.  Note D.I. 37 was removed from the docket since it was a duplicate of D.I. 36 (the discovery requests noted herein).

[22] D.I. 14.  The remaining briefs associated with this motion are D.I. 15 (defendant's answering memorandum) and D.I. 21 (plaintiff's reply).

[23] The following docket entries will be addressed:  D.I. 26 (plaintiff's sur-reply [(mislabeled reply]), D.I. 27 (plaintiff's motion to extend page limit for sur-reply at D.I. 26), D.I. 29 (defendant's combined motion to strike sur-reply brief and to exceed page limitations), D.I. 30 (plaintiff's motion to file sur-reply), D.I. 31 (defendant's response to D.I. 30), D.I. 32 (plaintiff's reply to D.I. 31) and D.I. 33 (labeled a "motion to amend" to apparently address any technical deficiencies because plaintiff "split his opposition to

motion to amend the amended complaint, and defendant's motion to strike plaintiff's

motion to amend to add John Doe defendants, which is combined with his opposition to

plaintiff's motion to extend page limit for his sur-reply brief.[24]

In analyzing his motions, the court is mindful of the more liberal approach given

to pro se litigants like plaintiff, however, pro se plaintiffs are required to follow rules of

procedure and substantive law.[25]  The court is also aware the filing of the present

matter is at least the third foray by plaintiff into the civil litigation system, and plaintiff

had the wherewithal to obtain the proper training permitting him to file materials with the

court electronically.[26]  Plaintiff is neither a novice nor unfamiliar with the court system.

## II.    Discussion

### A.    Motion to compel disclosures

Under FED. R. CIV. P. 26(5)(d), a party may not seek discovery from any source

before the parties have conferred as required by Rule 26(f).  Under Rule 26(f), the

parties are required to confer at least 21 days before a scheduling conference is to be

---

dismissal over two different documents as opposed to one." See D.I. 32 at ¶ 6).

[24] D.I. 28.  Defendant's motion and response is found at D.I. 29.

[25] McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel."); Farretta v. California, 422 U.S. 806, 834 n. 46 (finding pro se status is not a license to disregard procedural rules or substantive law).  This circuit has repeatedly adhered to Supreme Court precedent in that regard. See Ayres V. Jacobs & Crumplar, P.A., 99 F.3d 565, 567, 570 (3d Cir. 1996); Lewis v. Williams, C.A. No. 05-013-GMS, 2010 WL 2640188, at *3 (D. Del June 30, 2010) (proceeding as a pro se litigant does not give a party the right to "flagrantly disregard the Federal Rules of Civil Procedure in an effort to manipulate rulings in his favor"); Thompson v. Target Stores, 501 F. Supp. 2d 601, 604 (D. Del. 2007).

[26] See Kabbaj v, U.S.A., et. al., C.A. No. 11-CV-2349-MCG, as well as the two civil actions filed in this court; see also D.I. 8 (order granting plaintiff's request to file electronically).

5

held or a scheduling order is due under the Rule 16.  No Rule 16 scheduling conference has been ordered or scheduled by the court, and no due date has been set for a scheduling order.  Since defendant raised lack of personal jurisdiction under Rule 12(b)(2), until the court has the opportunity to evaluate the validity of plaintiff's arguments and evidence in support of personal jurisdiction over defendant, discovery may be held in abeyance.[27]

Plaintiff's subpoenas request overly broad production,[28] and differ primarily regarding the internet addresses or domain names.  Examples of the information requested include subscriber name and addresses, all other registration log-in data, general log-in and/or posting dates and times, IP logs of persons who created and/or administered various author profiles and biographies or who accessed accounts to make postings, activity log including deleting and altered postings, payment information, "all statistics" related to books sold (specifically from Amazon.com), including name and "recipient of any individuals receiving payments" for sales of certain books, and "any other information relevant to identifying the person(s) who registered" certain domain

_____

[27] *Mass. Sch. of Law at Andover, Inc. v. Amer. Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir. 1997) (finding a plaintiff may not rely merely on bare allegations in a complaint, nor an unsupported allegation to justify discovery on personal jurisdiction); *Hansen v. Neumeller GmbH,* 163 F.R.D. 471, 475 (D. Del. 1995) (noting although discovery is favored to establish personal jurisdiction, "[t]he court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum."  Thus, "there must be some competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist *before* allowing discovery to proceed.") (emphasis added); *Poe v. Babcock Int'l,* 662 F. Supp. 4, 7 (M.D. Pa 1985) (finding where a plaintiff met defendant's affidavit evidence with "mere speculation," "[i]t would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction.").

[28] In addition to the extensive requests, there are no inclusive dates for the search demand by plaintiff of the ISPs.

names.[29] The attachment to the subpoena, which contains a listing of information requested outlined above, provides "[s]ubpoena [c]ompliance can be achieved by delivering/sending the requested information to" followed by plaintiff's name, address in Florida, email address and phone number. No date for production is provided on the subpoena or the attachment.

The attachment also advises that served contemporaneously with the subpoenas, is a motion to compel disclosures, "which provides further information regarding the nature of this request and the documents being requested." As admittedly noted in the attachment, this purported "motion to compel" was filed before any ISP was served or could respond. Plaintiff's motion to compel, in essence, requests this court to order or compel the ISPs to respond to the subpoenas by providing all evidence in their possession related to the identity of the individual operating various accounts/blogs/internet addresses, confirm the authenticity of postings, and specifically as to Google and Amazon, confirm the original postings before any alteration/deletion, and review their cashes for copies of all "previously edited and/or deleted posts and/or books."[30]

In opposing plaintiff's motion to compel, defendant argues the subpoenas are facially invalid.[31]

---

[29] See D.I. 14, Exs. 35-39.

[30] D.I. 14 at 3-5. In the motion, plaintiff details various entries of purported libelous comments allegedly by defendant. Id. at 6-14. He further claims defendant, supposedly in response to plaintiff lodging "a series of complaints," shut down various sites and changed the address of his blogs. Id. at 15-17.

[31] D.I. 17 at 2-3. Defendant's opposition was a response to plaintiff's motion to compel. He did not file a motion to quash, but does request the court to sua sponte quash the subpoenas in light of their obvious invalidity and non-compliance with Rule

7

Under Rule 45(a)(2), a subpoena for production or inspection of documents must issue from the court for the district where the production or inspection is to be made. The rule also requires the subpoena to provide a specified time in which to respond.[32] The subpoena must be served by "delivering a copy to the named person,"[33] and further requires a limitation on the number of miles a subpoena may be served outside the district from where the subpoena issued.[34] A subpoena under Rule 45(c)(3)(A)(i) may not require production at a location more than one hundred miles from the entity's place of business.[35]

Having examined the subpoenas, the court finds they are facially defective for a number of reasons. As evidenced from the docket, service of the subpoenas directed to Google and Amazon.com were made by process servers from Parcels, Inc. on local companies, who appear to have been served as Google and Amazon.com's authorized agents for service of process.[36] Plaintiff admits the remaining subpoenas from this court were mailed by him to GoDaddy, Domains by Proxy and Privacy Protections Service, located in either Washington or Arizona. Plaintiff claims he will cure any questionable service of those subpoenas "by having a non-party conduct another

---

45. *Id.* at 3.

[32] *See* Rule 45(a)(1)(iii).

[33] *See* Rule 45(b)(1).

[34] *See* Rule 45(b)(2)(B) ("a subpoena may be served at any place . . . outside the district but *within 100 miles of the place specified for* . . . production, or inspection.) (emphasis added).

[35] This restriction is one of the enumerated grounds for quashing a subpoena.

[36] Plaintiff provides no evidence that the entities served (Corporation Service Co. and Corporation Trust Co) are the authorized agents for service of process on behalf of Google and Amazon.com. The court, however, for the purpose of this opinion only, will operate under that assumption.

certified mailing . . . to these out-of-state ISPs."[37]

Regarding the subpoenas served on Google and Amazon.com, although they issued from this district for companies allegedly incorporated here, production of the requested information was directed to plaintiff's address in Florida, making the place of production outside this district.  Under Third Circuit precedent, when a subpoena only requests the production or inspection of documents, "'[p]roduction refers to the delivery of documents, not their retreival.'"[38] [T]herefore, 'the district in which the production . . . is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over."[39]  Thus, "to assure production of documents from a nonparty witness, the subpoena should command production in the district court where the witness resides or where the headquarters of the witness are located."[40]  Since this court is unable to compel the return of documents outside its jurisdiction, the subpoenas issued to Google and Amazon.com are void on their face.[41]

---

[37] D.I. 21 at ¶17.

[38] *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004).

[39] *Id.*

[40] *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005).

[41] *See Hickman v. Hockman*, Civ. No. 07-829-JPG, 2009 WL 35283, at *1-2 (S.D. Ill. Jan. 6, 2009) (subpoena quashed because it directed place of production outside the issuing district); *Kremen v. Cohen*, Civ. No. 98-20718 JWPVT, 2007 WL 1119396, at *1 (N.D. Cal. Apr. 16, 2007) (subpoenas facially defective since not issued from court for district where production was to be made, and thereby violated Rule 45(a)(2)(C)); *Falicia v. Advanced Tenant Services, Inc.*, 235 F.R.D. 5, 11 (D.D.C. 2006) (because a court cannot issue subpoena requiring a party to produce documents in another district, subpoena must be quashed); *Accord Echostar Communications Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 396-97 (D. Colo. 1998) (subpoena found invalid).

9

As to the subpoenas purportedly served by certified mail on GoDaddy, Domains by Proxy and Privacy Protections Service, according to plaintiff those entities are located in either Washington or Arizona, and those subpoenas are equally defective for the same reasons the subpoenas against Google and Amazon.com are invalid. In addition, "Rule 45 requires personal service."[42] As evidenced by the *Ace Hardware* decision, "the District of Delaware leans towards the majority rule of personal service as the required mode of proper service."[43] Contrary to plaintiff's argument, the basis for the *Ricoh* decision was not because service was attempted by email; rather, the findings turned on lack of personal service, making any attempted service by certified mail equally improper. Therefore, plaintiff's proposed "cure" for improper service on the entities located in Washington and Arizona would not be effective.

There can be no doubt that the subpoenas issued against the Washington and Arizona entities involve more than a hundred miles from the location in Florida for the production and inspection of the requested documents.[44]

Plaintiff cites Rule 45(b)(2)(D) as somehow authorizing service outside this jurisdiction, and relies on his motion to compel to satisfy the "on motion and good cause" requirements of this rule.[45] Plaintiff, however, ignores the element "if a federal statute so provides." Plaintiff has failed to identify any applicable federal statute that

---

[42] *Ace Hardware Corp.v. Celebration Ace Hardware, LLC*, C.A. No. 09-66-SLR, 2009 WL 3242561, at *1 n. 3 (D. Del. Oct. 8, 2009) (relying on FED. R. CIV. P. 45(b)(1) ("[s]erving a subpoena requires delivering a copy to the named person . . . .").

[43] *Ricoh Company, Ltd. v. Oki Data Corp.*, C.A. No. 09-694-SLR, 2011 WL 3563142, at *4 (D. Del. Aug. 15, 2011).

[44] *See* Rule 45(b)(2)(B).

[45] D.I. 21 at ¶ 6

10

"so provides."

In addition, no date for production was provided on any subpoena in violation of Rule 45(a)(1)(A)(iii).  Plaintiff's excuse is he is proceeding pro se, and filed the motion to compel "out of an abundance of caution . . . to allow the Court an opportunity to also modify the subpoena . . . before issuing an Order confirming to the ISP's [sic] that they must treat the subpoena as valid."[46]  The court is under no obligation to automatically modify any subpoena, especially when it is facially invalid.[47]

Plaintiff's argument that because Google responded to his document request evidences that the subpoena is valid, is misguided.[48]  As previously explained, because this court lacks the right to compel production outside its jurisdiction, the subpoenas are void, and have no valid authority to command production.

Therefore, for the reasons enumerated herein, including the absence of any Rule 16 scheduling conference or case management order authorizing discovery and defendant's pending motion for lack of personal jurisdiction, the court *sua sponte* quashes all subpoenas obtained by plaintiff in this matter.[49]  Plaintiff's motion to compel is likewise denied.[50]  If plaintiff obtained any documents through these improperly

---

[46] D.I. 21 at ¶ 12.

[47] *See supra* n. 39-41.

[48] D.I. 21 at ¶ 13.  Google responded by advising it would notify any owner of a site about the subpoena to provide time to object to either Google or a court.  Contrary to plaintiff's interpretation, Google does not have the authority to make an invalid subpoena valid.  Google also reserved its right to further object to the subpoena in any subsequent response.

[49] *Pike v. Trinity Indus., Inc.*, 12-cv-146-99TJC-T, 2012 WL 2087171, at *2 (M.D. Fl. June 8, 2012).

[50] In addition, plaintiff requested the court to compel production *before* notification or purported service was likely made on the non-party entities.  At the very least, his motion to compel is premature.

11

issued and void subpoenas, he is to return them to the provider no later than 10 days

after issuance of this Order, and may not use those documents in this matter.  Should

plaintiff fails to so abide by this Order, the court will consider sanctions.  In addition, the

Clerk of the Court is directed to send a copy of this order to all entities to whom

subpoenas were issued.[51]

## B.    Motions regarding sur-reply brief

As noted under the Procedural Background section, plaintiff filed a 63 page

"reply to [defendant's] motion to dismiss" on January 27, 2013.[52]  The filing of this

document occurred after plaintiff filed a previous "reply" on January 17, 2013 to

defendant's motions, which consisted of 26 pages.[53]  This initial "reply" brief in response

to defendant's opening brief operates as an answering brief, and is limited to 20 pages

under D. DEL. LR 7.1.3.  On the same day plaintiff filed what constitutes his answering

brief, he also filed a motion for leave to file excess pages:  the court granted the six

page extension on January 18, 2013.[54]  In the January 17 motion for leave, plaintiff

acknowledged his answering brief was six pages in excess, thereby recognizing the

need to file a request for a page extension.  Defendant's reply brief was filed on

January 22, 2013.[55]

When plaintiff filed his second "reply" brief, a mere ten days after the filing of his

---

[51] *See* Order incorporated in this Report and Recommendation for further provisions.

[52] D.I. 26.

[53] D.I. 22.

[54] D.I. 23 (plaintiff's motion for leave to file excess pages); D.I. 24 (order granting leave to file excess pages).

[55] D.I. 25.

answering brief, he also filed a request for a page limit extension.[56] Plaintiff's second

reply is, in reality, a "sur-reply" brief. Plaintiff did not file a motion for leave to file a sur-

reply brief until after defendant filed his opposition.[57]

In his motion to extend the page limit, plaintiff assumes he is entitled to another

response to defendant's motion, and this second response has the same page

limitation as his first response.[58] Plaintiff's assumptions are incorrect. D. DEL. LR 7.1.2

and LR 7.1.3 only authorize an answering brief for the non-moving party. D. DEL. LR

7.1.2(b) allows an opening brief or memorandum be filed with the motion,[59] a response

or answering brief thereto by the non-moving party,[60] and subsequently, a reply brief by

the moving party.[61] No additional papers are authorized absent court approval, which

means no sur-reply brief may be filed without court authorization.[62]

D. DEL. LR 7.1.3 (4) specifically provides "[n]o opening or answering brief shall

exceed 20 pages, and no reply brief shall exceed 10 pages" in length.

Plaintiff claims the purpose for the extensive sur-reply brief is to "better articulate

---

[56] D.I. 27.

[57] *See* D.I. 29 (defendant's opposition); D.I. 30 (plaintiff's motion for leave to file sur-reply brief). The court acknowledges, however, plaintiff eventually did file a motion for sur-reply brief, albeit late.

[58] *See* D.I. 27 wherein plaintiff requests allowance to "exceed the 20 page limit of his response by 43 pages." *Id.* at 1. Since plaintiff filed a 26 page answering brief which contained six extra pages, and now asks to file an additional 63 page sur-reply brief, his total number of pages in response to defendant's motions would be 89, that is, 69 more pages than authorized under this court's local rules.

[59] The moving party or movant may accompany with the motion either a supporting brief or memorandum of points and authorities. *See* D. DEL. LR 7.1.2 (a)

[60] The non-moving or responding party's responsive papers must be in the form adopted by the moving party. *Id.*

[61] *See* D. DEL. LR 7.1.2(b).

[62] *Id.*

13

his claims *to Defense Counsel* who [purportedly] is feigning ignorance by pretending not to understand them," and to avoid having "to do so again in the future."[63]  He argues the excess pages are necessary to "help ensure substantial justice is achieved."[64]  Because of his pro se status, he asserts he should be allowed to "thoroughly explain his position" on certain matters so that these "apparent misunderstandings in [his] communications . . . . *with Defense Counsel* can be avoided."[65]  Plaintiff reemphasizes his pro se status in his motion to file a sur-reply brief, suggesting any prior deficiencies are mere technicalities for which a non-lawyer should not be held accountable.[66]  The rest of his argument in that motion focuses generally on Rule 12(b)(6) type arguments, his right to attorney's fees under 42 U.S.C. § 1988,[67] Fifth Amendment due process and Seventh Amendment right to a jury trial,[68] the relevance of which is questionable in a request to file a sur-reply brief that is more than double the pages of his original answering brief.

As part of "substantial justice," plaintiff suggests the court allow defendant to file a brief in response to his sur-reply brief.[69]  He again reiterates his pro se status, and therefore, he cannot know whether defense counsel is making misrepresentations in his pleading, confused "regarding the *nature* of the dispute," or is intentionally pretending not to understand what plaintiff is alleging.[70]  He asserts his failure to express all

---

[63] D.I. 27 at ¶¶ 2, 4.

[64] *Id.* at ¶ 5.

[65] *Id.* at 2 (emphasis added).

[66] D.I. 30 at ¶ 1-2.

[67] As noted previously, plaintiff's claims are based on breach of contract, tortious interference of contract and defamation.

[68] *Id.* at ¶¶ 4-7.

[69] D.I. 32 at ¶ 1.

[70] *Id.* at ¶ 2 (emphasis added).

14

arguments in his original answering brief is a "deficiency" caused by defendant's attorney "feign[ing] ignorance of some of the points . . . raised in pleadings to dismiss the case." To solve this problem, plaintiff also filed a motion to amend his answering brief "contemporaneously with his [sur-]reply."[71]

The purpose of a sur-reply is "to address any new issues or legal bases which are asserted for the first time in a reply brief,"[72] not to allow similar arguments repetitive of prior arguments in the answering brief, or could have been raised in the answering brief.[73] Generally, courts grant leave for sur-reply briefing when a party raises new arguments in its reply brief different from the opening brief, or are beyond responding to the answering brief.[74]

When plaintiff initiated this action, he filed a complaint consisting of fifteen pages containing 45 paragraphs (exclusive of his demand for relief) outlining the bases for his action. Attached to that complaint were roughly 15 pages of exhibits.[75] His subsequent amended complaint expanded his claims to 139 paragraphs, not including his demand

---

[71] *Id.* at 3; *see also* D.I. 33 (motion to amend pleading, specifically his answering brief at D.I. 22). In that motion, plaintiff contends he "has no need for this [m]otion, but is filing it to cure technical deficiencies" as purportedly raised by defense counsel. However, just in case he is wrong, plaintiff wants the amendment to operate to combine his answering brief with his proposed sur-reply to avoid dismissal because of a technicality. D.I. 33.

[72] *Geib v. James*, CV-04-1923, 2007 WL 2595423, at *9 n.3 (W.D. Pa. Aug. 31, 2007).

[73] *PHL Variable Ins. Co. v. Alan Wollman Ins. Trust*, C.A. No 08-53-JJF, 2010 WL 283688, at *1 (D. Del. July 16, 2010).

[74] *Contram Commodity Trading Co v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) ("The general rule against sur-replies and other post reply briefing fairly and reasonably assists 'the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word.'"); *Geib*, 2007 WL 2595423, at *9 n.3.

[75] D.I. 1.

for relief, and 47 exhibits consisting of over 150 pages.[76]  In his answering brief to defendants motions, plaintiff responded to defendant's opening brief almost paragraph by paragraph, as well as by incorporating his amended complaint, and provides his reasons why defendant's motions should be denied.[77]  Similarly, in his reply brief, defendant addresses plaintiff's arguments in the answering brief.  Nothing in defendant's reply brief raised new issues or legal bases beyond what was raised in his opening brief and plaintiff's response.

Plaintiff's reasoning for a sur-reply brief is to educated defense counsel regarding his claims.  That is not a basis for a sur-reply brief.  Plaintiff also mistakenly suggests that filing motions under Rule 12 constitutes obstructing justice.  If plaintiff has failed to state of claim under Rule 12(b)(6), or if this court does not have personal jurisdiction over defendant under Rule 12(b)(2), such issues must be decided before the merits of an action may proceed.[78]  Plaintiff does not suggest, nor does the purported sur-reply brief demonstrate, a need to respond to new arguments raised in defendant's reply.  This is not a situation where plaintiff was denied the opportunity to address defendant's arguments because they were first asserted in the reply brief.[79]

Nor does plaintiff's pro se status justify allowing any sur-reply.  Despite plaintiff's

---

[76] *See* D.I. 12.

[77] *See* D.I. 22.

[78] *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000) ("Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss a case when the court lacks personal jurisdiction over the defendant [ ]."). Further, it is plaintiff's burden to allege facts sufficient to make a *prima facie* showing of personal jurisdiction over defendant. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001).

[79] *In re Valley Media v. Valley Media, Inc.*, 338 B.R. 605, 608 n.2 (D. Del. 2006).

16

contentions that his requests for an additional submission or to combine his answering and sur-reply briefs only involve technicalities, as analyzed herein, that is not correct. His argument also assumes the court would have permitted an 89 page response. It would not and does not. Neither plaintiff's reasoning for nor the contents of his sur-reply brief warrant two separate submissions nor one combined brief of that length. Although courts recognize "[a] pro se complainant . . . must be held to less stringent standards than formal pleadings drafted by lawyers,"[80] proceeding as a pro se litigant, however, does not give a party the right to ignore "the Federal Rules of Civil Procedure in an effort to manipulate rulings in his favor."[81] Therefore, plaintiff's requests and motions related to his sur-reply brief are denied, and his sur-reply brief is stricken.

### C.    Motion to amend the amended complaint

Plaintiff's motion to amend will be denied. Plaintiff advises because defendant claims "in his blog that an unidentified third party is illegally accessing his blog accounts to post" allegedly defamatory comments about plaintiff, he wants to add ten "John Doe" defendants. However, plaintiff's motion is conditional on whether defendant's motion to dismiss will be granted.[82] That is, "[o]nly in the event the Court is considering granting" defendant's motion does plaintiff want to amend his amended complaint.[83] Defendant opposes the motion as inconsistent with D. DEL. LR 15.1. He further points to the conditional nature of plaintiff's request, noting that should the court dismiss the action

---

[80] *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 116 (D.D.C. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[81] *Lewis v. Williams*, C.A. No. 05-013-GMS, 2010 WL 2640188, at *3 (D. Del June 30, 2010).

[82] *See* D.I. 28.

[83] *Id.* at ¶ 3.

against defendant, "there is nothing left to amend, especially if the Court determines that the [amended] Complaint fails to state a claim."[84]

D. Del. 15.1 requires with any motion to amend supporting documentation be attached, that is, a copy of the amended pleading indicating how is differs from the pleading which it amends–"by bracketing or striking through contents to be deleted and underlining materials to be added." This requirement is not a mere technicality. A "marked up" proposed amendment clarifies for both the court and the opposing party what changes to the original document are actually being made. It enables the opposing party to determine whether a response or objection to the amendment should be raised, and assists the court in analyzing whether the proposed amendment is proper or futile.

Further, plaintiff's motion to amend is conditional, and does not operate as a present request to amend. Therefore, it is questionable whether there is any motion before the court to decide.

Plaintiff is a frequent filer and should be no stranger to either the Federal Rules of Civil Procedure or the Local Rules of this court. Thus for the reasons indicated, his motion to amend should be denied.

### D.   Defendant's motion to strike motion to amend amended complaint to add John Doe defendants

In light of the previous rulings on plaintiff's motions, defendant's motion to strike the motion to amend the amended complaint is moot.[85]

---

[84] D.I. 29 at ¶¶ 5-6.
[85] *See* D.I. 29.

18

## ORDER

Consistent with the findings contained herein,   IT IS RECOMMENDED that

1.  Plaintiff's motion to compel disclosures (D.I. 14) is DENIED, and the subpoenas issued to Google, Amazon.com, GoDaddy, Domains by Proxy and Privacy Protection Services are QUASHED.  IT IS FURTHER ORDERED that:

a.  If plaintiff obtained any documents through these subpoenas, he shall return them to the ISP(s) above on or before March 20, 2013, and may not use those documents in this matter, absent any further court order.  If plaintiff fails to abide by this order, the court will consider sanctions;

b.  If discovery occurs in this matter, plaintiff shall not attempt service of any subpoena without first obtaining permission from the court, and the parties shall advise the opposition by providing copies of any subpoenas before any service;

c.  The Clerk of the Court is directed to send a copy of this opinion and order to : Google Inc., C/O The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801, Amazon.com Inc., C/O Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, GoDaddy.com, Inc., Compliance Department, 14455 North Hayden Road, Suite 219, Scottsdale, AZ 85260, Domains by Proxy, LLC [www.domainsbyproxy.com], 1474 N. Northsight Blvd., Suite 111, PMB 309, Scottsdale, AZ 85260, and Privacy Protection Services, Inc. [www.whoisprivacyprotection.com,] PMB 368, 14150 NE 20th St.-F1, Bellevue, WA 98007.

IT IS FURTHER ORDERED that:

2.  Plaintiff's motions and requests related to his proposed sur-reply brief (D.I.

19

26-27, 30, 32-33) are DENIED, and his proposed sur-reply brief (D.I. 26) is stricken; and

    3. Plaintiff's motion to amend the amended complaint (D.I. 28) is DENIED.

    4. In light of the rulings on plaintiff's motions, defendant's motion to strike plaintiff's motion to amend the amended complaint to add John Doe defendants (D.I. 29) is MOOT.

Pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72 (a), and D. DEL. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response shall be limited to ten (10) pages.

The parties are directed to the Court's Standing Order in Pro Se Matters for Objections Filed under FED. R. CIV. P. 72 dated November 16, 2009, a copy of which is found on the Court's website (www.ded.uscourts.gov.)

A copy of the Report and Recommendation and this Order was mailed to Younes Kabbaj on March 8, 2013.

Date: March 7, 2013        /s/ Mary Pat Thynge
                             UNITED STATES MAGISTRATE JUDGE