IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-431-RGA |
| AMERICAN SCHOOL OF TANGIER, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-1322-RGA-MPT |
| MARK SIMPSON, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1522-RGA |
| GOOGLE INC., et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-780-RGA |
| AMERICAN SCHOOL OF TANGIER, et al., | : | |
| Defendants. | : | |

YOUNES KABBAJ, :

|  |  |  |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 14-982-RGA |
| | : | |
| AMERICAN SCHOOL OF TANGIER, et al., | : | |
| | : | |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| YOUNES KABBAJ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 14-1001-RGA |
| | : | |
| MARK SIMPSON, et al., | : | |
| | : | |
| Defendants. | : | |

Younes Kabbaj, Plantation, Florida, Pro Se Plaintiff.

Jennifer Gimler Brady, Esq., and Michael Brendan Rush, Esq., Potter Anderson & Corroon, LLP, Wilmington, Delaware; Counsel for Defendants American School of Tangier, Board of Trustees for the American School of Tangier, Stephen E. Eastman, and Edward M. Gabriel.

Ian Robert Liston, Esq., Wilson Sonsini Goodrich & Rosati, Georgetown, Delaware; Counsel for Defendants Google Inc. and Amazon Inc.

A. Thompson Bayliss, Esq., Abrams & Bayliss LLP; Counsel for Defendant Yahoo Inc.

Randolph Karl Herndon, Jr., Esq., McDermott Will & Emery LLP, Washington, D.C.; Counsel for Defendants Mark S. Simpson and Brian K. Albro.

**MEMORANDUM OPINION**

December 18, 2014
Wilmington, Delaware

**THYNGE, Chief U.S. Magistrate Judge:**

Presently before the Court are plaintiff's Motions for Recusal and Amended Motions for Recusal with Supporting Affidavits, filed in C. A. Nos. 10-431-RGA, 12-1322-RGA-MPT, 14-780-RGA, 14-982-RGA, and 14-1001-RGA.[1] For the reasons that follow, the motions are denied.[2]

## I. BACKGROUND

Plaintiff Younes Kabbaj, a former employee of the American School of Tangier, filed numerous lawsuits alleging employment discrimination, violations of a state whistleblowers' protection act, negligence, intentional infliction of emotional distress, intentional interference with a contractual relationship, abuse of process, conversion, breach of contract, tortious interference, and defamation. See C. A. Nos. 10-431-RGA, 12-1322-RGA-MPT, 13-1522-RGA, 14-780-RGA, 14-982-RGA, 14-1001-RGA. He appears *pro se*, has paid the filing fee in certain cases, and was granted leave to

---

[1] The motions were also filed in C. A. No. 12-1322-RGA-MPT, but will not be addressed since final judgment in this matter case was affirmed by the Third Circuit Court of Appeals. (*See id*. at D.I. 77). On December 19, 2012, an order was entered in C. A. No. 12-1322-RGA-MPT referring the case to me to hear and resolve all pretrial matters up to and including the resolution of case dispositive motions pursuant to 28 U.S.C. § 636(b). Plaintiff filed the motions for recusal after the appellate court summarily affirmed the earlier final judgment in this matter. (D.I. 77). Plaintiff continued to file motions in the case, as well as another notice of appeal. (*See id*. at D.I. 78, 83, 84, 85, 86). Because the motions for recusal filed in C. A. No. 12-1322-RGA-MPT were contrary to a court order (*see* D.I. 80), they were deactivated. Inasmuch as there is no apparent reason to address motions filed in a case which has been affirmed on appeal, they need not be further addressed.
Regarding C.A. Nos. 13-1522-RGA, 14-780-RGA, 14-982-RGA, and 14-1001-RGA, none were referred or assigned to me. The only matter referred pursuant to 26 U.S.C. § 636(b) was 12-1322-RGA-MPT, which as noted above was affirmed on appeal.

[2] The motions also sought the recusal of United States District Court Judge Richard G. Andrews. All motions seeking his recusal were denied on November 12, 2014.

proceed *in forma pauperis* in others. In all cases, plaintiff filed identical motions for recusal and amended motions for recusal, with supporting affidavits. *Id.* at C. A. Nos. 10-431-RGA at D.I. 74, 75; 12-1322-RGA-MPT at D.I. 83, 84; 13-1522-RGA at D.I. 118, 119; 14-780-RGA at D.I. 16, 17; 14-982-RGA at D.I. 7, 8; 14-1001-RGA at D.I. 24, 29).[3] These motions for recusal generally address both my recusal and that of District Court Judge Richard G. Andrews, with the initial motions specifically addressing Judge Andrews' recusal, while the amended motions, although generally directed to recusal of both judges, specifically target the undersigned's recusal. Plaintiff seeks to have the cases assigned to a "neutral judge."

In the first action commenced by plaintiff, C. A. No. 10-431-RGA, the parties entered into a confidential settlement agreement,[4] followed by a joint motion to dismiss with prejudice and consent order, granted by the Court on April 24, 2012. (*Id.* at D.I. 54). These matters were heard by me after the parties consented to my jurisdiction for all matters related to settlement and to rule on the joint motion to dismiss with prejudice and consent order. (*Id.* at D.I. 53). The dismissal order provided that the Court would retain jurisdiction of the matter following dismissal for the purpose of enforcing the parties' written settlement agreement and to resolve disputes regarding that settlement agreement. (*Id.* at D.I. 54). In addition, the dismissal order restrained and prohibited plaintiff from having any contact with numerous persons and entities (the "Releasees")

---

[3] Because the motions are identical, for the sake of simplicity, when referring to the motions for recusal and the amended motions for recusal, only the docket items in C. A. No. 10-431-RGA will be cited.

[4] Plaintiff attached a redacted copy of the confidential settlement agreement to the motion for recusal. (C. A. No. 10-431-RGA at D.I. 74 at 95-110).

involved in C. A. No. 10-431-RGA. (*Id.*) Finally, the dismissal order provided that, unless prior written permission is obtained from this Court, defendants may not bring a civil action against plaintiff, and plaintiff may not institute a civil action against any of the releasees of the settlement agreement with respect to any matter not released by the parties' settlement agreement, including but not limited to, any claim that any party breached the settlement agreement.[5] Plaintiff filed a request to engage in mediation and/or to file a lawsuit which seeks to modify the terms of the settlement agreement and settlement order. (*Id.* at D.I. 65).[6]

It appears plaintiff initiated three actions without receiving prior Court approval in derogation of the dismissal order, C. A. Nos. 14-780-RGA, 14-982-RGA, and 14-1001-RGA.[7] All subsequent cases filed by plaintiff are related to C. A. No. 10-431-RGA.

---

[5] The numerous releasees are identified in paragraph 11 of the Confidential Settlement Agreement.

[6] Plaintiff's request, as well as other related filings, will be addressed in a separate decision.

[7] Shortly after commencement of C. A. No. 14-780-RGA, plaintiff filed a motion for recusal that was not filed in any of his other cases. (*Id.*, D.I. 5). Therein, he states that: (1) the Court was involved in crafting the settlement agreement in C. A. No. 10-431-RGA; (2) the provisions of the settlement agreement were misrepresented to him during settlement negotiations; (3) the Court has since decided it will not be involved in any mediation among the parties; and (4) the Court has refused to allow plaintiff to deal with defendants' breaches of the agreement. (*Id.* at ¶¶ 2-13). Plaintiff contends the Court has behaved in a discriminatory manner towards him and has lent its support to a malicious and illegal criminal prosecution of him in New York City. (*Id.* at ¶ 13). Plaintiff seeks the recusal of both myself and Judge Andrews and reassignment to another judge, for review of the settlement agreement, and to decide whether, if any, breach of the settlement agreement occurred and by whom. (*Id.* at ¶ 15). The Court finds no need to address this motion separately inasmuch as its issues are encompassed by the Motions for Recusal and Amended Motions for Recusal filed in all cases. Moreover, as indicated previously, this matter is not presently and has not been referred to the undersigned.

Plaintiff seeks my recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 on the grounds of a "personal bias and/or prejudice" against him. (C. A. No. 10-431-RGA, D.I. 74 motion at ¶ 2).[8]

## II. STANDARDS OF LAW

Section 144 requires federal district court judges to recuse if a party timely files a sufficient affidavit, setting forth factual statements showing the judge has personal bias or prejudice against a party. 28 U.S.C. § 144. An affidavit that puts forth conclusory statements and opinions, however, is insufficient and does not require recusal under § 144. See Hill v. Carpenter, 323 F. App'x 167, 170 (3d Cir. 2009).

Section 455 applies regardless of whether a party files a formal motion and affidavit for recusal, and requires recusal when a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

The test for recusal is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either §§ 144 or 455 "must stem from a source outside of the official proceedings." Liteky v. United States, 510 U.S. 540, 544, 554 (1994). Notably, "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). In order to establish the level of bias necessary to

---

[8] Sections 144 and 455 assume recusal involves the judge before whom a matter is pending; thus, where a judge is not assigned or referred a matter, recusal is moot.

4

require recusal, facts that arose during the course of litigation are usually insufficient. Generally, "opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1), unless they display a deep-seated antagonism that would make fair judgment impossible." *Atwell v. Schweiker*, 274 F. App'x 116, 117 (3d Cir. 2007).

### III. DISCUSSION

Plaintiff argues recusal is warranted and claims the undersigned: (1) has obvious bias, is not neutral, and was hostile towards him;[9] (2) oversaw a settlement conference on March 12, 2012, helped draft the language of the confidential settlement agreement, explained its provisions and "lied" to plaintiff regarding how the Court would eventually interpret the settlement agreement, and deceived and induced plaintiff into signing the settlement agreement by making false claims and with no intent to enforce the settlement agreement; (3) issued a consent order as a means to immunize defendants against any further litigation for their breaches of contract; (4) refused to enforce the terms of the settlement agreement after the undersigned's assignment of jurisdiction to enforcement the agreement for purposes of specifically obstructing its enforcement; (5) retained jurisdiction over the settlement agreement to prevent plaintiff from filing additional litigation should defendants breach the settlement agreement; (6) refused to enforce the settlement agreement and was part of an illegal attempt to assist defendants in their attempt to have plaintiff incarcerated on false charges;

---

[9] Plaintiff contends the undersigned exhibited hostility towards him in a March 8, 2013 order when referencing him as a frequent filer, and showed bias in a Report and Recommendation by "accus"[ing] him of filing "a pleading for nefarious purposes" resulting from a purported typographical error.

(7) refused to hold hearings to clarify matters regarding letters of apologies, publications of false claims, breaches of the settlement agreement, and enforcement of the terms of the settlement agreement; (8) is an advocate of, and favors, the homosexual religious lobby and the religious beliefs of defendants; (9) took advantage of plaintiff's pro se status; (10) refused to act to restrain defamation and threats to plaintiff; (11) made rulings in favor of defendants and shielded them from litigation; (12) quashed subpoenas that would have allowed plaintiff to identify the persons who were defaming or threatening him; (13) banned discovery; (14) refused to admonish defendants; (15) entered an order in Civ. Act. No. 12-1322-RGA-MPT that has no basis in law; and (16) engaged in a series of orders that denied him the ability to serve subpoenas and the ability to amend the complaint. (*Id.* at D.I. 74, aff. at ¶¶ 5, 41, 42, 47, 51; D.I. 75 at ¶¶ 5, 6, 7, 8, 15, 16, 17, 18, 22, 23, 24, 26, 29, 30, 32, 35, 36, 42-44, 46 ).

**A.     Jurisdiction**

As discussed previously, it is only in C. A. No. 10-431-RGA that the parties consented to the undersigned's limited jurisdiction. Plaintiff seeks recusal in all cases even though the undersigned is no longer involved, to prevent any future involvement at a later date. (D.I. 75, ¶ 3). Plaintiff's other open cases are not referred to the undersigned and, although my decisions in C. A. No. 10-431-RGA could have an effect on those matters, I cannot recuse from cases that are not currently referred to me or to which the parties have not consented to my jurisdiction. Quite simply, I have no jurisdiction in cases filed by plaintiff other than the limited jurisdiction in C. A. No. 10-431-RGA as described above. Accordingly, all motions for recusal in those cases other

than C. A. No. 10-431-RGA are denied as moot.

### B. Bias

Plaintiff asserts that the presence of a gay flag in the undersigned's chambers, coupled with obstruction of litigation and immunity conferred upon defendants due to their being high-level members of the homosexual religion[10] and homosexual lobby demonstrates a clear predisposition of bias against him and the lack of proper judicial temperament necessary to be a neutral judge. (D.I. 75, ¶ 47).

His belief appears to be based upon an afghan plaintiff incorrectly describes as a "gay pride flag" that he noticed on March 12, 2012 during the settlement conference negotiations held in my chambers. (*Id.* at ¶ 27). There is no "gay pride flag" in my chambers. There is, however, a couch that has a multi-colored afghan draped on the back of it. The afghan was made by my aunt and given to me as a gift. The Court does not believe that anyone could reasonably question the undersigned's impartiality based upon these assertions.

### C. Rulings by the Court

The affidavits complain of the undersigned's conduct during mediation and rulings. These numerous complaints are not bases for recusal. "[A] party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). All such rulings complained of occurred in 12-1322-RGA which, when objections were filed, were

---

[10] The affidavit explains in detail plaintiff's belief that homosexuality is a religion. (D.I. 74, ¶¶ 8-14, 27-30).

7

affirmed, and subsequently dismissed on appeal. Those decisions addressed quashing subpoenas, disallowing discovery, denying various other motions, including a motion to amend the complaint, and granting a defendant's motion to dismiss.

Plaintiff has not met the standard for recusal under either §§144 or 455 given the insufficiency of the affidavit. Plaintiff did not submit any objective, factual assertions that would indicate bias. Instead, his proffered grounds for recusal amount to conclusions based upon suspicion, conjecture and speculation, and/or assertions that are contrary to the records in these cases. In addition, recusal is not required under objective standard of § 455. To the extent plaintiff attempts to implicate extrajudicial sources, the undersigned has examined the totality of the circumstances, and finds that the provisions of 28 U.S.C. § 455(a) do not mandate recusal.

After careful and deliberate consideration, the undersigned concludes there is no actual bias or prejudice towards plaintiff, and that a reasonable, well-informed observer would not question my impartiality. In light of the foregoing standard, and after considering plaintiff's assertions, there are no grounds for recusal under 28 U.S.C. §§ 144 or 455.

### D. Timeliness

Although there is no express timeliness provision in § 455(a), "most circuits considering the matter have concluded that a litigant must raise the disqualification issue within a reasonable time after the grounds for it are known."[11] Here, my recusal is

---

[11] *United States v. Barrett*, 111 F.3d 947, 951-52 (D.C. Cir. 1997) (citing *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1360 (8th Cir. 1996) (noting that "even though § 455 has no express timeliness requirements, claims under § 455 will not be considered unless timely made."); *see also United States v. Brinkworth*, 68 F.3d 633,

8

sought more than two years after mediation, execution of the settlement documents and agreement to the consent order by plaintiff and plaintiff's admitted concern of my potential bias in favor of homosexuals, heightened by the purported "gay pride flag." Other bases for recusal are directed to my rulings in 12-1322-RGA. The last decision issued by the undersigned in that matter, which granted a defendant's motion under FED. R. CIV. P. 12(b)(2), occurred on June 6, 2013.[12] Thereafter, on June 17, 2013 and July 2, 2013, motions were no longer referred to me.[13] Plaintiff waited more than fifteen months until August 2014 to move to recuse. Numerous federal circuits recognize that such a motion be made promptly when alleged disqualifying facts are known or should have been known. Plaintiff's motion and accompanying affidavits do not meet this requirement.

## III. CONCLUSION

For the above reasons, the Court denies plaintiff's Motion to Recuse and Amended Motions to Recuse United States Magistrate Judge Mary Pat Thynge, pursuant to 28 U.S.C. §§ 144 and 455 in C. A. No. 10-431-RGA at D.I. 74, 75, and further denies as the motions found in C. A. Nos. 13-1522-RGA at D.I. 118, 119; 14-780-RGA at D.I. 5, 16, 17; 14-982-RGA at D.I. 7, 8; 14-1001-RGA at D.I. 24, 29 are

---

639 (2d Cir. 1995) ("Although § 455 does not specify a time limit for application, a timeliness provision has been judicially implied. A party must bring a disqualification motion 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'") (internal quotations and citations omitted).

[12] See D.I. 56. Rulings which plaintiff claims demonstrate bias, include quashing subpoenas, banning discovery, refusing to admonish defendants, entering the June 6, 2013 Report and Recommendation and engaging in a series of orders denying him the ability to serve subpoenas and amending the complaint, occurred prior to my last decision. See D.I. 42 entered March 7, 2013.

[13] See docket references to motions filed at D.I. 57, 60-61 in 12-1322-RGA.

9

moot.

An appropriate order will be entered.